UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ARRON MICHAEL LEWIS                                                        PLAINTIFF
ADC#151373

V.                          No. 5:18-CV-00218-BRW-JTR

WENDY KELLEY, Director
Arkansas Department of Correction, *et al.*                                DEFENDANTS

## ORDER

There are two motions pending before the Court: (1) Defendants' Motion for Summary Judgment (*Doc. 116*); and (2) Plaintiff's Motion for Subpoena Duces Tecum (*Doc. 126*). Each will be addressed in turn.

**1. Defendants' Motion for Summary Judgment**

Plaintiff Arron Lewis ("Lewis") filed this § 1983 lawsuit against Defendants Wendy Kelley ("Kelley"), Mark Stephens ("Stephens"), and Hazel Robinson ("Robinson") alleging that, on June 9, 2016, while Lewis was incarcerated at the Arkansas Department of Correction ("ADC") Varner Supermax Unit ("VSU"), Robinson used excessive force against him, when she punched him in his dislocated left shoulder, while escorting Lewis to a medical call-out.[1] *Doc. 2*. Lewis also alleged claims of corrective inaction against Kelley and Stephens. *Id.*

---

[1] At the time of the incident, Wendy Kelley was the Director of the ADC, Mark Stephens was a Captain at VSU, and Hazel Robinson was a Sergeant at VSU.

In their Motion for Summary Judgment, Defendants assert that summary judgment should be granted to them because: (1) Lewis testified in his deposition that he "want[ed] to voluntarily dismiss defendant Wendy Kelley from the lawsuit;" (2) Lewis cannot present prima facie evidence to support his corrective inaction claim against Kelley or Stephens; (3) Lewis cannot present prima facie evidence to support his excessive force claim against Robinson; and (4) Defendants are entitled to sovereign immunity for the official capacity claims brought against them. *Doc. 116*.

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). An assertion that a fact cannot be disputed, or is genuinely disputed, must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

    a. **Defendants Kelley[2] and Stephens**

---

[2] Although Lewis testified in his deposition that "[he] want[ed] to voluntarily dismiss defendant Wendy Kelley from the lawsuit and proceed with Hazel Robinson and Mark Stephens" (*Doc. 116, Ex. 1 at 28: 8–14*), and "I'm agreeing, pursuant to Rule 41, to voluntarily dismiss Wendy Keely from this lawsuit and proceed with Mark Stephens and Hazel Robinson" (*Id. at 38: 9–11*), in his Response to Defendants Motion for Summary Judgment he argues that he never took the necessary steps, required by Federal Rule of Civil Procedure 41, to voluntarily

In *Boyd v. Knox*, 47 F.3d 966 (8th Cir. 1995), the Eighth Circuit clearly set out the standard for corrective inaction claims in § 1983 actions:

> In the section 1983 context, supervisor liability is limited. A supervisor cannot be held liable, on a theory of respondeat superior, for an employee's unconstitutional actions. *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Rather, a supervisor incurs liability for an Eighth Amendment violation when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir.1993). "'**The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see**.'" *Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir.1994) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)).

*Boyd*, 47 F.3d at 968 (emphasis added; footnote omitted).

Here, there is no dispute that neither Kelley nor Stephens were personally involved in the alleged excessive force incident. So, to be liable, Kelley and Stephens must have known about the conduct and approved, condoned, or facilitated it, or turned a blind eye toward it. *Id*.

In his Statement of Disputed Facts, Lewis alleges there is a material question of fact as to "whether Stephens participated in disciplining Robinson" (*Doc. 133*). However, in his Response to Defendants' Motion for Summary Judgment, he admits he is basing this claim only on his *speculation* that there is "linkage [between Kelley and Stephens] … contained within Defendant Robinson's disciplinary record [(*Doc.*

---

dismiss Kelley because Defendants' counsel never responded to any of his settlement offers. Doc. 132 at ¶ 2.

*113*)] filed under seal." *Doc. 132 at ¶ 5*. In a previous Order, the Court noted that it had carefully reviewed Robinson's disciplinary record and determined that "[n]one of the documents contained in that record are relevant to the Plaintiff Arron Lewis's excessive force claims in this case." *Doc. 115*. In other words, nothing in Robinson's disciplinary record supports Lewis's corrective inaction claims against Kelley or Stephens.

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party *only if* there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting Fed. R. Civ. P. 56(c) (emphasis added). "'When the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp,*, 475 U.S. 574, 586–87 (1986)).

Here, the record is devoid of *any* evidence that either Kelley or Stephens knew of any prior claims against Robinson for excessive force, and her disciplinary record contains no prior incidents in which she was accused of using excessive force. With no genuine dispute regarding any material fact, and no evidence to support Lewis's corrective inaction claim, Kelley and Stephens are entitled summary judgment. *See Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 790–91(8th Cir. 2009) (affirming summary judgment, in § 1983 action, concluding that plaintiff failed to carry his

4

burden to proffer sufficient evidence to permit a finding in his favor where evidence he offered amounted to "[m]ere allegations, unsupported by specific facts or evidence beyond [his] own conclusions.") (citations omitted).

### b. Defendant Robinson

With regard to his excessive force claim against Robinson, Lewis alleges that, on June 9, 2016, Robinson punched him in his dislocated left shoulder, while she was escorting him, in shackles, to a medical call-out for his injured shoulder. *Doc. 2*. Lewis has repeatedly sworn that that Robinson punched him. *See, i.e. Docs. 2, 116, Ex. 1, & 133*. Robinson has repeatedly denied punching Lewis. *See Docs. 74, 77 & 116, Ex. 3*.

This is a classic "he said, she said" factual dispute concerning the most material issue in this case. Accordingly, the Defendants' Motion for Summary Judgment is denied as to Robinson.

### c. Lewis's Official Capacity Claims

Lewis sued Kelley, Stephens, and Robinson in their individual and official capacities. Sovereign immunity prohibits a plaintiff from obtaining monetary damages from a state actor named in his official capacity. *See Zajrael v. Harmon*, 677 F.3d. 353, 355 (8th Cir. 2012). Accordingly, Lewis's claims for monetary

damages from Defendants in their official capacity are barred by sovereign immunity, and therefore summary judgment is appropriate.[3]

### 2. Plaintiff's Motion for Subpoena Duces Tecum

On August 2, 2021, Lewis filed a Motion for Subpoena Duces Tecum, seeking a Court order for him to appear, in person, for his August 24, 2021 trial, rather than by video conference. *Doc. 116*. On August 4, 2021, an Order for Transport was entered, directing the ADC "to ensure the attendance of Plaintiff Arron Lewis, ADC #151373, his mini tablet, and any papers and documents necessary for trial," at the Richard Sheppard Arnold United States Courthouse, on Tuesday, August 24, 2021, by 8:30 a.m. *Doc. 129*.

Accordingly, Lewis's Motion for Subpoena (*Doc. 126*) is denied as moot.

IT IS THEREFORE ORDERED THAT:

1. Defendants' Motion for Summary Judgment (*Doc. 116*) is Granted in part and DENIED in part.

2. Defendants' Motion (*Doc. 116*) is GRANTED as to Defendants Kelley and Stephens, and they are dismissed as parties to this action.

3. Defendant's Motion (*Doc. 116*) is DENIED as to Defendant Robinson.

---

[3] In his Complaint, Lewis sought "compensatory and punitive damages," as well as "injunctive relief." *Doc. 2 at 3*. However, Lewis has not ever elaborated on what "injunctive relief" he seeks or otherwise pursued any injunctive relief, during the nearly three years this case has been on-going.

4. Lewis's Motion for Subpoena (*Doc. 126*) is DENIED, as moot.

DATED this 9th day of August, 2021.

                                              BILLY ROY WILSON
                                 UNITED STATES DISTRICT JUDGE